IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DIANE BUCY,

    Plaintiff,

v.

AURORA LOAN SERVICES, LLC, *et al.*,

    Defendants.

Case No. 2:10-cv-1050

Judge Edmund A. Sargus

Magistrate Judge King

## OPINION AND ORDER

This matter is before the Court upon Defendants Aurora Loan Services, LLC and Denise Mecca's Motion to Dismiss (doc. #5), filed December 20, 2010. On January 17, 2011, Plaintiff Diane Bucy filed a response in opposition, and on February 7, Defendants filed a reply. The motion is fully briefed and ready for disposition by the Court. Upon review of the record, this Court **GRANTS** Defendants' motion.

## I. FACTS[1]

On September 6, 2007, Defendant Aurora Loan Services, LLC filed a foreclosure action against Plaintiff in the Franklin County, Ohio Common Pleas Court, Case No. 07-CV-011953. (Compl., ¶ 8.) Plaintiff did not answer the complaint. (*Id.*, ¶ 9.) On January 3, 2008, Defendant Aurora filed a Motion for Summary Judgment, offering in support the notarized affidavit ("Affidavit") of employee Diane Mecca. (*Id.*, Exh. A.) The Affidavit was signed on December 19, 2007 and filed as an exhibit to Defendant Aurora's state-court motion on January 3, 2008. (*Id.*, ¶¶ 9 – 10.) On February 8, 2008, the Common Pleas Court granted Defendant Aurora's

---

[1] The following factual information is taken from Plaintiff's Complaint (doc # 4) and is assumed to be true for the purposes of the motion before the Court. *See Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974).

1

motion. (*Id.*, ¶ 11.) On November 22, 2010, Plaintiff filed the instant action, alleging four claims against Defendants: violation of Ohio's Consumer Sales Practices Act, common-law fraud, abuse of process, and civil conspiracy. Plaintiff asserts, "[u]pon information and belief," that the Affidavit, despite Defendant Mecca's sworn statement to the contrary, was not based on personal knowledge of Plaintiff's mortgage account. (*Id.*, ¶ 12.) Instead, Defendant Mecca was acting as a "robo-signer" and signed "thousands of affidavits like the Affidavit every month in an effort to speed foreclosures along through the court system." (*Id.*, ¶ 13.) Defendant Aurora, who controlled Defendant Mecca's actions, was allegedly aware of Defendant Mecca's affidavit-signing practice. (*Id.*, ¶¶ 14-15.) Defendants' motion to dismiss seeks dismissal of all claims.

## II. LAW AND DISCUSSION

### A. Standard for Granting Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

If there is an absence of law to support the type of claim made, or if the facts alleged are insufficient to state a valid claim, or if on the face of the complaint there is an insurmountable bar

2

to relief, dismissal of the action is proper. *Little v. UNUMProvident Corp.*, 196 F. Supp.2d 659, 662 (S.D. Ohio 2002) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)).

The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). A complaint need not set down in detail all the particularities of a plaintiff's claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A formulaic recitation of the elements of a cause of action" is not enough). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949-50. The factual allegations must show more than a possibility that the defendant acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material

3

allegations in the complaint as true. *See Scheuer*, 416 U.S. at 236; *Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004); *Mayer*, 988 F.2d at 638. The court will indulge all reasonable inferences that might be drawn from the pleading. *See Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997). However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000); *Lewis*, 135 F.3d at 405.

### B. Ohio's Consumer Sales Practices Act, R.C. 1345

In Count I of the Complaint, Plaintiff asserts that Defendants violated Ohio's Consumer Sales Practices Act ("CSPA"): Defendant Aurora, by authorizing and directing the filing of the Affidavit and proceeding with the foreclosure action "in spite of the false affidavit"; Defendant Mecca, by executing and filing the "false" Affidavit. (Compl., ¶¶ 17 – 18.)

Defendants argue that Plaintiff's claim is barred by the statute of limitations. (Defs.' Motion, page 7.) Under the CSPA, consumers may not bring claims "more than two years after the occurrence of the violation which is the subject of the suit." Ohio R.C. § 1345.10(C). Thus, the statute of limitations begins to run from the date of the occurrence of the violation, as the statute explicitly acknowledges that a violation may occur before, during, or after the underlying consumer transaction. R.C. §§ 1345.02(A) and 1345.03(A). There is no discovery rule applicable to the statute; the two-year statute of limitations is absolute. *Luft v. Perry Cty. Lumber & Supply Co.*, 2003-Ohio-2305, ¶ 27, Franklin App. No. 02AP-559 (10th Dist. Ct. App.). This Court may properly consider the statute of limitations argument raised in Defendants' motion to dismiss. "[C]ertain affirmative defenses, such as privileges, immunities, failure to exhaust administrative remedies, and statutes of limitation and the like, can be raised in

4

Rule 12(b)(6) motions, where it is clear on the face of the complaint that the affirmative defense is valid." *Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F.Supp.2d 942, 947 (S.D. Ohio 2003).

In her Complaint, Plaintiff states that the Affidavit was filed on January 3, 2008, as an exhibit to Defendant Aurora's motion for summary judgment in the foreclosure action. There is no dispute that the Affidavit was filed on January 3, 2008, and absent any allegation to the contrary in the Complaint—and there is none—this Court infers that Plaintiff received service of the motion. Therefore, the statute of limitations on Plaintiff's CSPA claim began to run on January 3, 2008, and it expired on January 3, 2010. Plaintiff filed her Complaint on November 22, 2010, well after the statute of limitations expired.

In her response to Defendants' motion to dismiss, Plaintiff argues that Paragraph 17 of the Complaint sets forth the factual allegation that Defendants committed an ongoing violation of R.C. § 1345 by "proceeding to pursue a foreclosure action against Plaintiff in spite of the false affidavit." (Pl.'s Resp., page 10.) Under a continuing violation theory, "the statute of limitations does not begin to run on a continuing wrong until the wrong has been concluded." *Ruth v. Unifund CCR Partners,* No. 5:08CV2690, 2009 WL 585847, * 11 (N.D. Ohio March 6, 2009), aff'd on certain grounds, *Ruth v. Unifund CCR Partners,* 604 F.3d 908 (6th Cir. 2010). Plaintiff asserts that Defendants continued to violate the CSPA, but the only fact alleged in support of that contention is that the foreclosure action itself continued to proceed. Plaintiff must know the relevant dates of the subsequent foreclosure proceedings, such as a sheriff's sale, but she has not supplied them, even in the face of Defendants' motion which highlights the statute of limitations as a basis for dismissal. Instead, Plaintiff asks this Court to deny Defendants' motion and to permit discovery, as "Defendants' records and upcoming depositions are expected to

confirm this claim is timely when the entire chronology of events which is set forth in the Complaint is considered." (Pl.'s Resp., pages 10 – 11.)

In *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516 (6th Cir. 2008), the Sixth Circuit noted that, typically, "when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss." *Id.* at 521. Here, Plaintiff has not moved for leave to amend. Instead, she argues that Defendants' motion erroneously focuses "on the date when they executed and filed [Defendant] Mecca's affidavit in the foreclosure action" and ignores "the additional factual allegations in paragraph 17 of the Complaint regarding [Defendants'] additional fraudulent conduct afterwards." (Pl.'s Resp., page 10.) Paragraph 17 of the Complaint states as follows:

> 17. Defendant Aurora has engaged in a pattern and practice of unfair, deceptive, and unconscionable acts in violation of R.C. §§ 1345.02, 1345.03, and/or 1345.031 by authorizing and directing the filing of the affidavit in Exhibit "A" that was false and by proceeding to pursue a foreclosure action against Plaintiff in spite of the false affidavit.

Nowhere in Paragraph 17 is a statement of fact regarding any dates of the foreclosure action that refutes Defendants' assertion that Plaintiff's CSPA claim is untimely. Although the Civ.R. 12(b)(6) standard requires this Court to make inferences in favor of Plaintiff, this Court cannot infer from the vague statement "proceeding to pursue a foreclosure action against Plaintiff" to mean that violations of CSPA occurred within two years of the filing of the Complaint. Plaintiff has been given fair notice of the omission of a critical allegation, but she fails to identify any dates beyond the signing of the Affidavit, its filing, and the judgment of the

6

Common Pleas Court. "The court should not assume facts that could and should have been pled, but were not." *Bishop*, 520 F.3d at 522.

Even if this Court were to infer from Plaintiff's Complaint that the foreclosure proceedings took place within the time limitation of the CSPA, the continuing violation theory does not apply to Plaintiff's claim. The statute of limitations "begins to run on the date of the violation, which may or may not coincide with the date of the underlying transaction." *Wells Fargo Bank N.A. v. Sessley*, 935 N.E.2d 70, 188 Ohio App.3d 213, 2010-Ohio-2902, ¶27 (10th Dist. Ct. App., 2010) (noting that "this court has held that the General Assembly explicitly recognized that a CSPA violation may occur before, during or after the underlying consumer transaction") (citing *Montoney v. Lincoln Logs, Ltd.*, 10th Dist. No. 06AP-284, 2007-Ohio-236, 2007 WL 21027291, ¶ 26 (internal quotation marks omitted)).

Here, the "underlying transaction" is the foreclosure action in Common Pleas Court. Plaintiff alleges that Defendant Aurora violated the CSPA by "proceeding to pursue a foreclosure action against Plaintiff in spite of the false affidavit." (Compl., ¶17.) However, that allegation relates directly to the Affidavit itself—there is no further factual allegation of a violation of the CSPA. Even the latest event related to the Affidavit—the Common Pleas Court's judgment in favor of Defendants—occurred on February 8, 2008, more than two years before the filing of Plaintiff's Complaint.

Taken as true, Plaintiff's allegations of violations of the CSPA fall outside of the timeframe permitted by R.C. § 1345.10(C). As a result, Count I of Plaintiff's Complaint is time-barred. Thus, with regard to Count I, Defendants' motion is **GRANTED.**

7

### C. Common Law Fraud

A motion to dismiss for failure to plead fraud with particularity is governed by Fed.R.Civ.P. 9(b). "To satisfy FRCP 9(b), a plaintiff must at a minimum allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). "[A]llegations of fraudulent misrepresentation must be made with sufficient particularity and with sufficient factual basis to support an inference that they were knowingly made." *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (citation omitted). The test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiff's claim of fraud." *Brewer v. Monsanto Corp.*, 644 F.Supp. 1267, 1273 (M.D. Tenn. 1986). While fraud may be plead on information and belief where the facts relating to the fraud are peculiarly within the perpetrator's knowledge, the plaintiff must still set forth the factual basis for her belief. *United States ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 512 (6th Cir. 2007).

Under Ohio law,[2] the essential elements of a common-law fraud claim are as follows:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Russ v. TRW, Inc.*, 570 N.E.2d 1076, 1083, 59 Ohio St.3d 42, 49 (1991). Defendants contend that Plaintiff fails to allege a factual basis for most, if not all, of the elements of fraud in Count II of the Complaint. "At best, the allegations constitute conclusory recitations of the elements of

---

[2] There is no dispute that Ohio law applies to Plaintiff's claims.

8

fraud and are thus insufficient to withstand a motion to dismiss." (Defs.' Motion, page 8.) In response, Plaintiff states that "[p]aragraphs 22-24 of the Complaint set forth every element of a fraud claim under Ohio law." (Pl.'s Resp., page 12.) In those paragraphs, Plaintiff avers as follows:

> 22. [Defendant] Mecca signed the affidavit in Exhibit "A" (a) which contained representations; (b) which were material to the foreclosure proceedings; (c) some of which were made with knowledge of their falsity and others which were made with utter disregard for whether they were true or false; (d) which were made with the intent of misleading this Court[3] and opposing parties into relying upon them; and (e) on which this Court and opposing party justifiably relied.
>
> 23. Through its agent Mecca and perhaps others, Aurora (a) made representations with respect to its foreclosure case against Plaintiff; (b) which were material to that foreclosure proceeding; (c) which were made with knowledge of their falsity or with utter disregard for whether they were true or false; (d) which were made with the intent of misleading this Court and others into relying upon them; and (e) on which this Court and the opposing parties justifiably relied.
>
> 24. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

According to the Complaint, the Defendants' misrepresentation was Mecca's statement in the Affidavit that she had "personal knowledge" of Plaintiff's file when, in fact, she did not. Instead, Plaintiff states that Defendant Mecca was acting as a "robo-signer" and signed "thousands of affidavits like the Affidavit every month in an effort to speed foreclosures along through the court system." (*Id.*, ¶ 13.)

The Affidavit, attached to the Complaint, states in pertinent part as follows:

---

[3] In the Complaint, "this Court" refers to the Franklin County, Ohio Common Pleas Court in which the foreclosure action was filed and judgment was rendered.

9

> Now comes Denise Mecca, affiant herein, and being first duly sworn, states as follows:
>
> 1. Affiant's position is AVP of Aurora Loan Services, LLC. In such job position affiant has the custody of the accounts of said company, including the account of Diane C[.] Bucy, defendant herein. Affiant states that the records of the accounts of said company are compiled at or near the time of occurrences of each event by persons with knowledge of said events, that said records are kept in the course of its regularly conducted business activity, and that it is the regular practice to keep such records related to the business activity.
>
> 2. Plaintiff is the holder of the note and mortgage which are the subject of the within foreclosure action. True and accurate reproductions of the originals as they exist in Plaintiff's files are attached hereto as Exhibits "A" and "B".
>
> 3. Affiant states that there has been a default in payment under the terms of the aforesaid note and mortgage. The account is due for the May 1, 2007 payment and all subsequent payments.
>
> 4. Affiant states that there is due on said account a principal balance of $359,558.21, together with interest thereon from April 1, 2007 at 6.125[illegible] percent per annum and as may be subsequently adjusted if provided for by the terms of the note, and advances for taxes, insurance or otherwise expended to protect the property.

Plaintiff does not allege that any of the Affidavit's statements of fact are misleading. She does not allege, for instance, that the records were inaccurate or not kept in the regular course of business activity, or that she was up-to-date on her mortgage payments. The sole basis of Plaintiff's fraud claim is that Defendant Mecca did not have personal knowledge of Plaintiff's file when she signed the Affidavit, that both she and Defendant Aurora knew she did not have personal knowledge, but Defendant Mecca signed the affidavit, anyway. (Compl., ¶¶ 12 – 14.) The only fact in support of Plaintiff's allegation that Defendant Mecca lacked personal knowledge of Plaintiff's file is that "[u]pon information and belief, [Defendant] Mecca signed

10

thousands of affidavits like the Affidavit every month in an effort to speed foreclosures along through the court system." (*Id.* at ¶ 13.) Plaintiff alleges no additional fact that permits this Court to infer that because Defendant Mecca signed "thousands" of affidavits a month she did not have personal knowledge of Plaintiff's file. Nor does she allege that either her reliance or the Common Pleas court's reliance on this alleged misrepresentation was the proximate cause of her injury, the foreclosure of her property. While this Court must draw all inferences in favor of Plaintiff, there is no reasonable inference to be drawn from the facts alleged that the misrepresentation of personal knowledge was the proximate cause of the foreclosure, where Plaintiff does not dispute the accuracy of any of the salient facts, such as the amount owed or the amount in default.

Because Plaintiff fails to state a claim of common law fraud, Defendants' motion is hereby **GRANTED** with regard to Count II.

### D. Count III: Abuse of Process

Plaintiff's claim of abuse of process against Defendants alleges that although the foreclosure action was properly set in motion in the Franklin County Common Pleas Court, the proceeding was perverted by Defendants' actions, namely the filing of the Affidavit. (Compl., ¶¶ 25 – 28.) Ohio law provides that

> [t]he three elements of a claim for abuse of process are "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process."

*Hershey v. Edelman,* 932 N.E.2d 386, 394, 187 Ohio App.3d 400, 410 (Ohio 10th App. Dist. 2010) (quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co.* (1994), 626 N.E.2d 115, 68 Ohio St.3d

11

294, paragraph one of the syllabus). Plaintiff's claim lacks any allegation of an "ulterior purpose for which [the legal proceeding] was not designed[.]" In fact, Plaintiff asserts in the Complaint that the precise purpose of the foreclosure action was met: judgment in favor of Defendants. (Compl., ¶ 11.) Without any such allegation, Plaintiff fails to state a claim for abuse of process. *See Yaklevich*, 626 N.E.2d at 118, 68 Ohio St.3d at 298, n.2 ("Therefore, there is no liability for abuse of process where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.") (citation and internal quotation marks and alteration omitted). As a result, with regard to Count III of the Complaint, Defendants' motion is **GRANTED.**

### E. Count IV: Civil Conspiracy

Under Ohio law, civil conspiracy is "a malicious combination of two or more persons to injure another person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 866, 72 Ohio St.3d 415, 419 (1995) (citations omitted). "A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Morrow v. Reminger & Reminger Co. L.P.A.*, 915 N.E.2d 696, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 40 (10th Dist. Ct. App.) (citations omitted). A corporation cannot conspire with its own employees. Where the alleged co-conspirators are members of the same collective entity, there are not at least two separate "people" to form a conspiracy. *Kerr v. Hurd*, 694 F.Supp.2d 817, 834 (S.D. Ohio, 2010) (citing *Doherty v. American Motors Corp.*, 728 F.2d 334 (6th Cir. 1984) (antitrust case)); *Hull v. Cuyahoga Valley Bd. of Ed.*, 926 F.2d 505 (6th Cir. 1991); *Steptoe v. Savings of America*, 800 F.Supp. 1542 (N.D. Ohio 1992); *Rennick v. Champion Int'l Corp.*, 690 F.Supp. 603 (S.D.

12

Ohio 1987); *Kerans v. Porter Paint Co., Inc.*, 656 F.Supp. 267 (S.D. Ohio 1987), *aff'd* 866 F.2d 431 (6th Cir. 1989); *Givan v. Greyhound Lines, Inc.*, 616 F.Supp. 1223 (S.D. Ohio 1985).

As noted by Defendants, Plaintiff's Complaint clearly denotes Defendant Mecca as an "employee" (¶ 3) and "agent" (¶ 23) of Defendant Aurora who "had the right to control the methods and means of Mecca's actions with regard to the signing of affidavits" (¶ 15). (Defs.' Motion, page 10.) Therefore, based on the case law as noted *supra*, both Defendants Mecca and Aurora are members of the same collective entity and are not two separate people, as needed to form a conspiracy. And even if Defendants were two separate people for the purpose of Plaintiff's civil conspiracy claim, neither Plaintiff's fraud claim nor her abuse of process claim remains, so the derivative claim of conspiracy cannot survive.

With regard to Count IV of Plaintiff's Complaint, Defendants' motion is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons, Defendants Aurora Loan Services and Denise Mecca's Motion to Dismiss (doc. # 5) is hereby **GRANTED.** Plaintiff Diane C. Bucy's Complaint against Defendants Aurora Loan Services and Denise Mecca (doc. # 4) is **DISMISSED.**

**IT IS SO ORDERED.**

Date: 3-18-2011

Edmund A. Sargus
United States District Court